# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY DEAN JONES,

        Plaintiff,

v.                                    CASE NO. 08-10260
                                      HON. LAWRENCE P. ZATKOFF

MS. GREY et al.,

        Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)

## I. INTRODUCTION

Plaintiff Anthony Dean Jones filed his *pro se* Complaint on January 17, 2008. In his Complaint, Plaintiff alleges that Defendants wrongfully denied him "prompt public assistance and welfare assistance." Currently before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* and Application for Appointment of Counsel. Plaintiff's Application to Proceed *In Forma Pauperis* is GRANTED; however, the Court will DENY Plaintiff's Application for Appointment of Counsel and DISMISS Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

## II. ANALYSIS

**A. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff has filed an Application to Proceed *In Forma Pauperis*. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses

that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If an Application to Proceed *In Forma Pauperis* is filed and accompanied with a facially sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's Application to Proceed *In Forma Pauperis*.

**B. PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL**

The Court denies Plaintiff's Application for Appointment of Counsel. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's Application for Appointment of Counsel is DENIED.

**C. DISMISSAL UNDER § 1915(e)(2)**

Once a complaint is filed *in forma pauperis* under § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2), the Court "shall dismiss" the case at any time if it finds that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact.

*See Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (stating that complaints can be dismissed as frivolous "only when the claim is based on an indisputably meritless legal theory, or where the complaint's factual contentions are clearly baseless."). The Court's determination of failure to state a claim under § 1915 is the same as its determination under Fed. R. Civ. P. 12(b)(6). *See* 1 Moore's Fed. Practice § 4.41[3]. A complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Moreover, although any ambiguities must be resolved in the plaintiff's favor, see *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992), the Court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) (citations omitted). Finally, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The Court finds that the Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff alleges that his civil rights were violated under several federal statutes. Plaintiff, however, does not specify how these rights were violated. Plaintiff's Complaint only states that Defendants "wrongfully denied the Plaintiff adequate prompt public assistance and welfare assistance" and, as a result, Plaintiff has suffered "a loss of . . . human right's [sic]." Although the Court must construe the *pro se* complaint liberally and resolve ambiguities in Plaintiff's favor, the Court "is not required to accept non-specific factual allegations and

3

inferences or unwarranted legal conclusions." *Hendrock*, 68 Fed. Appx. at 574.  Like the complaint in *Hendrock*, the instant Complaint is "vague, conclusory, and [contains] no factual allegations upon which a valid federal claim may rest." *Id.*  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  *See Schied*, 859 F.2d at 436; *see also Hendrock*, 68 Fed. Appx. at 574.  Because the Court has no discretion to allow the Plaintiff to amend his Complaint under § 1915(e), the Court must dismiss Plaintiff's Complaint.  *See McGore*, 114 F.3d at 612.

## IV. CONCLUSION

Therefore, for the reasons set forth above, Plaintiff's Application to Proceed *In Forma Pauperis* is GRANTED; however, the Court DENIES Plaintiff's Application for Appointment of Counsel and HEREBY DISMISSES Plaintiff's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.


Dated: February 13, 2008

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE